1
2
3
4
5
6                         UNITED STATES DISTRICT COURT
7                              DISTRICT OF NEVADA
8                                      * * *
9    ANTHONY MICHAEL MARCELLI,              Case No. 3:12-cv-00211-MMD-WGC
10                        Petitioner,                      ORDER
11        v.
12   GREG COX, et al.,
13                        Respondents.
14

15        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

16   petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents'

17   motion to dismiss (dkt. no. 19).  Petitioner opposed the motion (dkt. no. 35), and he also

18   filed a motion for stay and abeyance (dkt. no. 34).  Respondents have replied to both

19   (dkt. no. s 36, 37).  Petitioner has also filed a motion for reconsideration of this court's

20   order denying counsel as well as a second motion for appointment of counsel; the court

21   considers these first.

22
     **I.    PETITIONER'S MOTION FOR RECONSIDERATION AND SECOND MOTION
23           FOR APPOINTMENT OF COUNSEL**

24        On January 29, 2013, petitioner filed a second motion for appointment of counsel

25   (dkt. no. 31), and on February 14, 2013, petitioner filed a motion to reconsider the order

26   denying the first motion for counsel (dkt. no. 33).  As the Court explained previously,

27   there is no constitutional right to appointed counsel for a federal habeas corpus

28   proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999

F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

With respect to reconsideration of the denial of the first motion for appointment of counsel, where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later

1   than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P.

2   59(e) "should not be granted, absent highly unusual circumstances, unless the district

3   court is presented with newly discovered evidence, committed clear error, or if there is

4   an intervening change in the controlling law."  *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th

5   Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

6          In its order of January 28, 2013, the Court denied petitioner's first motion for

7   appointment of counsel, finding that the petition in this case was sufficiently clear in

8   presenting the issues petitioner wishes to raise (dkt. no. 29).  In his motion for

9   reconsideration, petitioner alleges that prison officials have taken some of his legal work

10  from him, including his copy of this petition and his copy of the motion to dismiss (dkt.

11  no. 33 at 3-4).  The Court also notes that petitioner submitted a letter claiming that he is

12  being refused legal supplies, including carbon copy paper (dkt. no. 38-1 at 2).  He also

13  attaches correspondence dated March 6, 2013, that appears to be from the Northern

14  Nevada Correctional Center ("NNCC") law library supervisor (dkt. no. 38-1 at 4).  The

15  letter reflects that NNCC's Dr. Gedney had written to the law library indicating that

16  petitioner needed law librarian assistance "because of [his] medical condition."  The

17  letter then states, "Since you indicated you do not want our assistance, we are

18  withdrawing from your case and notifying Dr. Gedney as such."

19         The allegations that prison personnel are interfering with and hampering

20  petitioner's ability to litigate this action and/or that the law library has refused to assist

21  petitioner – especially if he needs particular assistance due to a medical condition – are

22  of grave concern to the Court.[1]  However, as will be discussed below, this petition must

23  be dismissed because petitioner has failed to exhaust available state remedies for any

24  of the claims raised.  Accordingly, petitioner's due process rights are not implicated as

25  there is no possibility of success on the merits, and the appointment of counsel would

26

27         _____
           [1]The Court notes that the letter from the law library supervisor indicates that
28  petitioner refused legal assistance; of course petitioner cannot refuse such assistance
    and then be heard to complain that he was denied it.

1  be futile.  *See Chaney*, 801 F.2d at 1196.  Thus, both petitioner's motion to reconsider

2  the order denying appointment of counsel (dkt. no. 33) and the second motion for

3  appointment of counsel (dkt. no. 31) must be denied.

4  **II.   PROCEDURAL HISTORY AND BACKGROUND**

5        On May 25, 2011, petitioner was convicted, pursuant to a no-contest plea under

6  *Alford v. North Carolina*, of attempting to commit the crime of making threats or

7  conveying false information concerning acts of terrorism, weapons of mass destruction,

8  lethal agents, or toxins (exhibits to motion to dismiss, dkt. no. 19, ex. 20).[2]  Petitioner

9  was sentenced to a term of 48 to 120 months in the Nevada Department of Corrections

10  (*id.*).

11        Petitioner appealed, and the Nevada Supreme Court affirmed his conviction on

12  March 7, 2012 (ex. 37).

13        Petitioner dispatched this federal petition for writ of habeas corpus on April 16,

14  2012 (dkt. no. 1-1), and submitted an amended petition on June 27, 2012 (dkt. no. 11).

15  Respondents argue that the petition must be dismissed as unexhausted.

16  **III.  DISCUSSION**

17        **A.   Legal Standard for Exhaustion**

18        A federal court will not grant a state prisoner's petition for habeas relief until the

19  prisoner has exhausted his available state remedies for all claims raised.  *Rose v.*

20  *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state

21  courts a fair opportunity to act on each of his claims before he presents those claims in

22  a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also*

23  *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

24  petitioner has given the highest available state court the opportunity to consider the

25  claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*,

26  ///

27

28        [2]All exhibits referenced in this order are exhibits to respondents' motion to
dismiss (dkt. no. 19) and may be found at dkt. no. s 20 and 21.

4

386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### B.    Instant Petition

Respondents point out that petitioner has presented only one claim to the Nevada Supreme Court: his claim on direct appeal that the trial court abused its discretion when it refused to find petitioner guilty but mentally ill (dkt. no. 19 at 3; ex.'s 27A at 7-8; 36 at 4-5; 37).  The claim has not been raised in petitioner's federal habeas petition (*see* dkt. no. 11).  Accordingly, respondents are correct that the ten grounds in his federal habeas petition are unexhausted.

While this Court has discretion to hold a "mixed" petition – a petition containing both exhausted and unexhausted claims – in abeyance, *Rhines v. Weber*, 544 U.S. 269 (2005), it must dismiss a petition that contains only unexhausted claims.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Therefore, this petition must be dismissed without prejudice to petitioner filing a new petition after exhaustion of available state remedies.  However, petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d).  Finally, petitioner's motion for stay and abeyance (dkt. no. 34) must be denied.

### IV.    CERTIFICATE OF APPEALABILITY

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* Here, jurists of reason would not find the Court's

dismissal of this action without prejudice to be debatable or incorrect.  The Court will therefore deny petitioner a certificate of appealability.

**V.    CONCLUSION**

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (dkt. no. 19) is GRANTED.

IT IS FURTHER ORDERED that the petition is DISMISSED without prejudice.

IT IS FURTHER ORDERED that petitioner is DENIED A CERTIFICATE OF APPEALABILITY.

IT IS FURTHER ORDERED that the following motions filed by petitioner: motion for appointment of counsel (dkt. no. 31); motion for district judge to reconsider order (dkt. no. 33); and motion for stay and abeyance (dkt. no. 34) are all DENIED.

IT IS FURTHER ORDERED that the Clerk SHALL ENTER JUDGMENT accordingly and close this case.

DATED THIS 22nd day of 2013.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE