UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY MICHAEL MARCELLI, | Case No. 3:12-cv-00211-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| GREG COX, et al., | |
| Respondents. | |

On April 22, 2013, this Court granted respondents' motion to dismiss this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 40). Before the Court is petitioner's motion for records from petitioner's case, reconsideration and investigation (dkt. no. 44). Respondents opposed (dkt. no. 45), and petitioner replied (dkt. no. 46).

To the extent that petitioner seeks reconsideration of the order granting the motion to dismiss, where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its order granting the motion to dismiss, the Court also denied petitioner's motion for reconsideration of the denial of his motion for appointment of counsel (dkt. no. 40). Here, petitioner raises similar allegations that he raised in connection to his motion for counsel — that prison personnel interfered with his access to the courts by refusing him legal supplies and law library assistance. He adds that such interference prevented him from filing an opposition to the motion to dismiss and a reply in support of his motion for stay and abeyance (dkt. no. 44 at 2).

Interference with inmates' constitutional right to access to the courts raises grave concerns, though such claims must be brought pursuant to 42 U.S.C. § 1983, the

federal statute that proscribes state actors from violating an individual's constitutional rights. In any event, petitioner's claim that he was unable to oppose the motion to dismiss is belied by the record. He filed an opposition to the motion to dismiss on February 26, 2013 (dkt. no. 35). Petitioner's statement that he did not file a reply in support of his motion to stay the case is accurate. But, as the Court has previously explained, the petition in this case was dismissed because petitioner failed to exhaust available state remedies for any of the claims raised. The Court may not grant a stay and must dismiss a petition that contains only unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's order granting the motion to dismiss the petition should be reversed.

Petitioner also states in his motion that he submitted many of his original documents to the Court in support of his petition and asks for copies. Good cause appearing, this portion of petitioner's motion is granted. The Clerk of Courts is directed to send to petitioner one (1) copy of his amended petition (dkt. no. 11) and the exhibits in support of the petition (dkt. no. 12).

IT IS THEREFORE ORDERED that petitioner's motion for records from petitioner's case, reconsideration and investigation (dkt. no. 44) is GRANTED in part. The Clerk of Courts shall send one (1) copy of the amended petition (dkt. no. 11) and the exhibits in support of the petition (dkt. no. 12) to petitioner at his address of record.

IT IS FURTHER ORDERED that the remainder of petitioner's motion (dkt. no. 44) is DENIED as set forth in this order.

DATED THIS 31st day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE